BONIN, J.,
dissents with reasons.
hi respectfully dissent.
There is a genuine issue of material fact which precludes summary judgment in this matter. See LA. C.C.P. ART. 966 B. That issue is whether Foundation Materials performed its obligations under the (sub)contract with Harmon Construction in order to collect contractual damages from Harmon. Foundation Materials is required to establish its performance both as movant and the party with the burden of proof at the trial. See LA. C.C.P. ART. 966 C(2).
On the one hand, Paul Tassin, the president of Foundation Materials, swears that his company is owed $70,475 “despite competition [sic] of all work” by his company under its contract. On the other hand, Clifton Harmon, Sr., the owner of Harmon Construction, swears that Foundation Materials “never completed the work it was required to complete under the Contract”.[1]
*1236 Because I cannot determine on the basis of the competing affidavits whether the work required by the subcontract was completed or not, I disagree that summary judgment is proper.

. This sworn statement is aligned with the unsworn but well-pleaded answer and recon-ventional demand to the third party demand filed by the general contractor.